IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE TAYLOR, | No. C 10-00694 SI |
|     Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| RON'S LIQUORS, INC., a California corporation, THOMAS POLLACCI, an individual, RONALD POLLACCI, an individual, DAVID POLLACCI, an individual, JEAN L. POLLACCI, an individual, and DOES 1 through 10, inclusive, | |
|     Defendants. / | |

Defendants have filed a motion to dismiss plaintiff's complaint. The motion is scheduled for hearing on July 2, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. **The case management conference scheduled for the same day remains on calendar.** Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss with leave to amend.

## BACKGROUND

Plaintiff Debbie Taylor filed this action on February 18, 2010 against defendant Ron's Liquors, Inc. and individual defendants Thomas Pollacci, Ronald Pollacci, David Pollacci and Jean Pollacci. Plaintiff alleges that on April 20, 2008, she was a patron at Ron's Liquors when defendant Thomas Pollacci, an employee of Ron's Liquors, invited plaintiff to an upstairs area of the store to sample wine.

Compl. ¶ 22. While upstairs, Thomas Pollacci allegedly "battered and abused" plaintiff by engaging in "forcible sexual intercourse and other forms of sexual battery, and physically striking and inflicting blunt force trauma on the person of [plaintiff], resulting in physical injuries which included . . . a broken clavicle, broken ribs, a ruptured ear drum and head trauma." *Id.* ¶ 23.

According to the complaint, Ronald Pollacci was the owner and operator of Ron's Liquors Inc., David Pollacci was the manager, Jean Pollacci was the vice-president, and all were close family members of Thomas Pollacci. *Id.* ¶¶ 6-8. The complaint is silent as to whether Ronald, David, or Jean Pollacci (collectively, "individual defendants") were present at the time of the alleged attack. Plaintiff alleges that, at the time of the attack, Thomas Pollacci was employed by and under the direct management, supervision and control of the individual defendants and the retail establishment Ron's Liquors, Inc. *Id.* ¶ 19. Plaintiff alleges that Thomas Pollacci is a registered sex offender and was prior to April 20, 2008, the date the alleged incident took place. *Id.* ¶ 20. According to plaintiff, the individual defendants and the corporation knew of Thomas Pollacci's sex offenses and status as a registered sex offender. *Id.* Additionally, plaintiff alleges that defendants failed to adequately supervise Thomas Pollacci and therefore exposed female patrons to the risk of sexual assault. *Id.* ¶¶ 24-25.

Plaintiff brings suit for damages under theories of negligence, negligent hiring and retention, negligent supervision, intentional infliction of emotional distress, sexual battery and assault and battery. Thomas Pollacci has answered the complaint, and Ron's Liquor's, Inc. has not made any response. In the motion now before the Court, the individual defendants move to dismiss all causes of action against them on the ground that the complaint fails to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citations omitted).

**DISCUSSION**

**I.    Intentional Tort Claims**

With respect to plaintiff's causes of action for intentional infliction of emotional distress, sexual battery and assault and battery, plaintiff seeks to hold the individual defendants liable for Thomas

3

Pollacci's intentional torts. Defendants concede that there may be a possible claim against Ron's Liquors, Inc. under a theory of vicarious liability. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 756 (1998) ("An employer may be liable for both negligent and intentional torts committed by an employee within the scope of his or her employment."). Unless a plaintiff can show facts supporting piercing of the corporate veil, however, "it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by its employees or agents." *Meyer v. Holley*, 537 U.S. 280, 286 (2003). The individual defendants move to dismiss the intentional tort claims against them on the ground plaintiff has failed to plead sufficient facts supporting piercing of the corporate veil in order to impute liability to them.

The parties agree that piercing of the corporate veil is appropriate only where: "(1) there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased, and (2) an adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice." *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1067 (N.D. Cal. 2006) (quotation marks and citation omitted). Plaintiff's complaint relies heavily on one alleged fact to demonstrate a unity of interest between the individual defendants and Ron's Liquors: the familial relationship between defendants and Thomas Pollacci. Defendants' familial relationship, standing alone, does not suggest "more than a sheer possibility" that Ron's Liquors was operated in a manner sufficient to constitute a unity of interest between the corporation and its officers/directors. *See Iqbal*, 129 S.Ct. at 1949. Plaintiff fails to provide any case law indicating that a familial relationship, without more, is sufficient to justify piercing of the corporate veil.

All other statements in the complaint suggesting a unity of interest are merely conclusory. For example, plaintiff alleges that the individual defendants operated Ron's Liquors, Inc. in such a manner "as to make their individual identities indistinguishable" and that "the tortious acts and omissions" of Ron's Liquors, the individual defendants, and Thomas Pollacci "were done in concert with each other."

4

Compl. ¶¶ 9, 12. These conclusory allegations are insufficient to state a basis for piercing the corporate veil. Plaintiff's claims against the individual defendants for intentional infliction of emotional distress, sexual battery, and assault an and battery are therefore DISMISSED with leave to amend.

## II.     Negligence, Negligent Hiring and Retention, and Negligent Supervision Claims

Plaintiff's remaining causes of action allege negligence, negligent hiring and retention, and negligent supervision. Although plaintiff's general negligence claim is stated as a separate cause of action, it stems from the same allegations as the hiring, retention, and supervision claims and will therefore be addressed together with those claims. Plaintiff's negligence causes of action do not allege that the individual defendants are vicariously liable for Thomas Pollacci's torts, but rather that the individual defendants personally acted tortiously[1] by hiring him despite knowing of his status as a sex offender, by permitting him to staff the store without adequate supervision and to have access to an area of the store that contained a bed, and by failing to inform female customers and law enforcement officials that he had a history of committing sexual offenses. Compl. ¶¶ 34-36, 45-47, 55-57.

"California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee." *Doe v. Capital Cities*, 58 Cal. Rptr. 2d 122, 132 (Cal. Ct. App. 1997). "Liability is based upon the facts that the employer knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Id.* The individual defendants argue that they cannot be held liable on plaintiff's negligence claims because Thomas Pollacci's "employer" was Ron's Liquors, not the individual defendants. *See Mendoza v. City of Los Angeles*, 78 Cal. Rptr. 2d 525, 528 (Cal. Ct. App. 1998)

---

[1] Under California law, "Liability for negligent supervision and/or retention of an employee is one of direct liability for negligence, not vicarious liability." *Delfino v. Agilent Techs., Inc.*, 52 Cal. Rptr. 3d 376, 397 (Cal. Ct. App. 2006).

5

(negligent hiring or supervision claim may be brought against "*an enterprise* [which] hires individuals with characteristics which might pose a danger to customers or other employees") (emphasis added). The individual defendants contend that plaintiff has failed to allege that they acted as Thomas Pollacci's employers by personally participating in his hire, retention, and/or supervision. The Court agrees. The complaint does not differentiate at any time between the alleged acts of the corporation and the alleged acts of the individual defendants. Indeed, plaintiff alleges at one point that the individual defendants simply "allow[ed] Defendant Thomas Pollacci to be hired, retained, employed and/or otherwise actively engaged as a store staff member who was permitted to come into contact with Plaintiff." Compl. ¶ 47. Plaintiff may be able to state her negligence claims against the individual defendants by alleging that they were personally and actively involved in Thomas Pollacci's hiring, supervision, and retention, but the present version of the complaint is insufficient to do so.

The negligence causes of action are therefore DISMISSED with leave to amend.

## CONCLUSION

For the foregoing reasons and for good cause shown, defendants' motion to dismiss is hereby GRANTED with leave to amend. Plaintiff's amended complaint is due by **July 16, 2010**.

**IT IS SO ORDERED.**

Dated: June 29, 2010

SUSAN ILLSTON
United States District Judge

6