**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE TAYLOR, | No. C 10-00694 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| RON'S LIQUORS INC, | |
| Defendant. | |

Defendants Roland Pollacci, David Pollacci, and Jean L. Pollacci have filed a motion to dismiss plaintiff's first amended complaint. The motion is scheduled for hearing on October 25, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion to dismiss, without further leave to amend.

**BACKGROUND**

Plaintiff Debbie Taylor filed this action on February 18, 2010 against defendants Ron's Liquors, Inc., Thomas Pollacci, Ronald Pollacci, David Pollacci, and Jean Pollacci. Plaintiff alleges that on April 20, 2008, she was a patron at Ron's Liquors when defendant Thomas Pollacci, an employee of Ron's Liquors, invited plaintiff to an upstairs area of the store to sample wine. FAC ¶ 22. While upstairs, Thomas Pollacci allegedly "battered and abused" plaintiff by engaging in "forcible sexual intercourse and other forms of sexual battery, and physically striking and inflicting blunt force trauma on the person of [plaintiff], resulting in physical injuries which included . . . a broken clavicle, broken ribs, a ruptured

ear drum and head trauma." *Id.* ¶ 23. Plaintiff alleges that, at the time of the attack, Thomas Pollacci was employed by and under the direct management, supervision and control of the individual defendants and the retail establishment Ron's Liquors, Inc. *Id.* ¶ 19. Plaintiff's allegations against the individual defendants are described in detail in the Court's June 29 order.

Plaintiff's original complaint alleged six causes of action against all defendants. On June 29, 2010, the Court granted a motion to dismiss filed by Ronald Pollacci, David Pollacci, and Jean Pollacci (collectively, "individual defendants") because Thomas Pollacci's "employer" was Ron's Liquors rather than the individual defendants, and because plaintiff did not allege that the individual defendants participated in the allegedly tortious acts of Ron's Liquors.

On July 14, plaintiff filed an amended complaint, realleging claims against the individual defendants under theories of negligence, negligent hiring and retention, and negligent supervision. The amended complaint also alleges that all three individual defendants actively participated in the hiring, employment, and supervision of Thomas Pollacci; that they monitored his hours, performance, and duties; that they may have actively participated in the construction of a loft bed accessible during business hours; and that they continued to employ and supervise him, which included deciding whether or not he should work alone. *Id.* ¶¶ 36–38, 50–52, 63–65.

In the motion now before the Court, the individual defendants again move to dismiss all causes of action against them, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that the complaint fails to state a claim against them upon which relief can be granted.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative

2

level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citations omitted).

## DISCUSSION

### I. Negligent hiring and retention; negligent supervision

Plaintiff alleges claims against the individual defendants under theories of negligent hiring and retention, and negligent supervision.

California recognizes torts for an employer's negligence in hiring, retaining, and supervising an employee who is incompetent or unfit. *See Delfino v. Agilent Techs., Inc.*, 52 Cal. Rptr. 3d 376, 397 (Cal. Ct. App. 2006).

> Negligence liability will be imposed upon the employer if it knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes. As such, California follows the rule set forth in the Restatement Second of Agency section 213, which provides in pertinent part: "A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless: . . . in the employment of improper persons or instrumentalities in work involving risk of harm to others." Liability for negligent supervision and/or retention of an employee is one of direct liability for negligence, not vicarious liability.

*Id.* (internal quotation marks and citations omitted); *see also Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009). Liability may be imposed "either on the basis of . . . action -- for example, the negligent hiring of an agent – or . . . inaction – for example, the failure to provide adequate supervision of the agent's work." *Far West Financial Corp. v. D & S Co.*, 760 P.2d 399, 410 (Cal.

3

1988).

The individual defendants argue that under California law, claims for negligent hiring and retention and negligent supervision can only be brought against the entity which employed the alleged offender, not against other individuals who were involved in hiring or supervising that person. The Court agrees that liability for these specific torts depends on the existence of a principal-agent relationship. *See Phillips*, 172 Cal. App. 4th at 1139; *Deutsch v. Masonic Homes of Cal., Inc.*, 164 Cal. App. 4th 748, 784 (2008). Plaintiff has not directed the Court to any California court opinion imposing liability on anyone other than the employing entity. Nor does plaintiff's FAC support a finding that Thomas Pollacci was, in fact, an agent of the individual defendants. *See* Restatement (Third) of Agency § 1.01 (2006) (defining agency relationship).

Citing *Meyer v. Holley*, 537 U.S. 280 (2003), plaintiff argues that the individual defendants are vicariously liable as corporate officers of Ron's Liquors, because of the special circumstances presented by this case. *Meyer* does not help plaintiff. First, *Meyer* discusses common law theories related to vicarious liability for the acts of an employee, whereas the theories of negligent hiring and retention and negligent supervision impose direct liability upon certain employers. *Compare Meyer*, 537 U.S. at 285 *with Delfino*, 52 Cal. Rptr. 3d at 397. Second, the "special circumstances" under which a corporate owner or officer may be held vicariously liable for an employee's torts arise where the employee actually acts as an agent of the owner or officer. *See Meyer*, 537 U.S. at 286 (quoting Restatement (Second) of Agency § 1 (1957)). As explained above, plaintiff has not pleaded facts that would show that Thomas Pollacci was an agent of the individual defendants, as opposed to Ron's Liquors.

Plaintiff's claims for negligent hiring and retention and negligent supervision are DISMISSED. Since plaintiff has already amended once, further leave to amend will not be granted.

## II.    Negligence

Plaintiff also alleges a claim against the individual defendants under a theory of simple negligence.

> The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion. Whether this essential prerequisite to a negligence cause of action has been

4

> satisfied in a particular case is a question of law to be resolved by the court. . . . [A] court's task — in determining "duty" — is not to decide whether a particular plaintiff's injury was reasonably foreseeable in light of a particular defendant's conduct, but rather to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party.

*Burns v. Neiman Marcus Group, Inc.*, 173 Cal. App. 4th 479, 487–88 (2009) (internal quotation marks and citations omitted).

Plaintiff argues that the individual defendants are directly liable for the acts of Thomas Pollacci because the defendants violated the duty of care that, as owners and corporate officers of Ron's Liquors, they owed to plaintiff. Plaintiff relies on California cases that have held that corporate officers may be held liable individually where they actively participated in the tortious acts of the corporation. *See U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586 (1970); *Dwyer v. Lanan & Snow Lumber Co.*, 297 P.2d 490, 490 (Cal. Ct. App. 1956). In particular, the California Supreme Court has held that individual officers may be held liable on a theory of negligence for injuries caused by third-party criminal conduct, where the corporate officers are alleged to have actively participated in the corporation's tortious conduct. *Frances T. v. Village Green Owners Ass'n*, 41 Cal. 3d 490, 503–12 (1986).

Here, plaintiff's theory is that the individual defendants negligently hired, retained, and supervised Thomas Pollacci, not merely as employees of Ron's Liquors but in their capacity as corporate officers exercising their individual discretion. The individual defendants are alleged to have directly managed Thomas Pollacci at the time of the attack, to have been aware of Thomas Pollacci's history of sex offenses and status as a registered sex offender, and to have affirmatively entrusted Thomas Pollacci with job responsibilities providing access to personal identification of female patrons and the opportunity to provide samples of alcoholic beverages to female patrons. Plaintiff alleges that defendants affirmatively placed Thomas Pollacci in a position which exposed female patrons to the risk of sexual assault. Based on the similarities between the facts in this case and those in *Frances T.*, the Court agrees that, at least at the pleading stage, plaintiff has stated a cause of action against the individual defendants for negligence.

The individual defendants argue that *Frances T.* is inapposite, because the homeowners' association owed common law duties to members of the homeowners' association such as the plaintiff

5

in that case. The individual defendants also argue that the *Frances T.* plaintiff's specific request to the directors created a direct and "crucial" relationship between the directors and the plaintiff that is absent in this case. However, contrary to the suggestion of the individual defendants, California law also recognizes "that the owner of a place of business open to the public has a duty to exercise reasonable care to protect business invitees against danger from the conduct of third persons on the premises." *See Morris v. Thogmartin*, 29 Cal. App. 3d 922, 925–26 (1973). Under California law, "a court's task — in determining 'duty' — is . . . to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party." *Burns,* 173 Cal.App.4th at 488. Under these circumstances, plaintiff has adequately pled facts stating a claim for negligence against the individual defendants.

## CONCLUSION

For the foregoing reasons and for good cause shown, defendants' motion to dismiss is hereby GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: October 13, 2010

SUSAN ILLSTON
United States District Judge