IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE TAYLOR, | No. C 10-00694 SI |
|         Plaintiff, | **ORDER RE: MOTION TO STAY** |
|   v. | |
| RON'S LIQUORS INC, et al. | |
|         Defendants. | |

Defendants' motion to stay proceedings is currently scheduled for hearing on February 11, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing.[1]  Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

Plaintiff Debbie Taylor filed this action on February 18, 2010 against defendant Ron's Liquors, Inc., Thomas Pollacci, Ronald Pollacci, David Pollacci, and Jean Pollacci. Plaintiff alleges that on April 20, 2008, she was a patron at Ron's Liquors when defendant Thomas Pollacci, an employee of Ron's Liquors, invited plaintiff to an upstairs area of the store to sample wine. FAC ¶ 22. While upstairs, Thomas Pollacci allegedly "battered and abused" plaintiff by engaging in "forcible sexual intercourse and other forms of sexual battery, and physically striking and inflicting blunt force trauma on the person of [plaintiff], resulting in physical injuries which included . . . a broken clavicle, broken ribs, a ruptured

---

[1] Defendant Thomas Pollacci filed this motion on January 4, 2011, and the remaining defendants joined in the motion on January 18, 2011.

ear drum and head trauma." *Id.* ¶ 23. Plaintiff alleges that, at the time of the attack, Thomas Pollacci was employed by and under the direct management, supervision and control of the individual defendants and the retail establishment Ron's Liquors, Inc. *Id.* ¶ 19.

Plaintiff has brought claims for intentional infliction of emotional distress, sexual battery, and assault and battery against defendants Thomas Pollacci and Ron's Liquors. Plaintiff has also brought a claim for negligence against all defendants. Plaintiff's theory of liability on the negligence claim is that the individual defendants negligently hired, retained, and supervised Thomas Pollacci, not merely as employees of Ron's Liquors but in their capacity as corporate officers exercising their individual discretion. Plaintiff alleges that the individual defendants directly managed Thomas Pollacci at the time of the attack, were aware of Thomas Pollacci's history of sex offenses and status as a registered sex offender, and affirmatively entrusted Thomas Pollacci with job responsibilities providing access to personal identification of female patrons and the opportunity to provide samples of alcoholic beverages to female patrons. Plaintiff argues that defendants affirmatively placed Thomas Pollacci in a position which exposed female patrons to the risk of sexual assault.

On April 26, 2010, defendant Thomas Pollacci was convicted of forcible rape in violation of California Penal Code Section 261(a)(2) after a jury trial held in Monterey County State Court in connection with the April 20 incident that forms the basis of this civil federal court complaint. He has appealed this conviction and expects that his appeal will be decided in 2012. Def. Motion at 5. He has also been charged in state court with three additional counts of forcible rape for one incident alleged to have occurred in April 2007 and two incidents alleged to have occurred in October or November 2008. Streza Decl. Ex. C. One of the latter counts charges defendant with having raped a woman at Ron's Liquors. Defendant Thomas Pollacci says that trial on these newer charges is scheduled for April 11, 2011. Def. Motion at 3.

## LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). This is because simultaneous parallel civil and criminal proceedings are not objectionable, in the absence of

substantial prejudice to the rights of the parties involved. *Id.* "Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Id.* (alterations and internal quotation marks omitted).

"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Id.* (quoting *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). In addition to considering the extent to which the defendant's fifth amendment rights are implicated, the Court considers the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 324–25.

A stay of an action is not necessary where a defendant's Fifth Amendment rights can be protected through less drastic means, such as asserting the privilege on a question by question basis and implementing protective orders. *O. Thronas, Inc. v. Blake*, Civil No. 09-00353, 2010 WL 931924, *3 (D. Hawaii March 10, 2010). Proceeding in such manner will, however, may be more burdensome on the defendant than a stay. *Id.*

Although few courts have confronted this question head-on, it appears that, where trial in the parallel criminal proceeding has concluded, and a conviction is being challenged on appeal, the analysis shifts against staying the civil proceedings. *See* Milton Pollack, *Parrallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 204 (1990) ("[T]he appeal process is an uncertain, potentially long-ranging, process. Only unusual circumstances would justify an order staying a post-conviction civil proceeding."); *see also General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1215 (8th Cir. 1973); *Arden Way Associates v. Boesky*, 660 F. Supp. 1494 (S.D.N.Y. 1987).

## DISCUSSION

Defendant Thomas Pollacci ("defendant") has filed a motion to stay this action pending the

3

resolution of all criminal proceedings against him. The other defendants join his motion, and plaintiff opposes.

**I.      Indefinite postponement**

      **A.      The pendency of the appeal of the April 26, 2010 conviction**

Defendant has been convicted of forcible rape in violation of California Penal Code section 261(a)(2), which prohibits sexual intercourse "accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another" not the perpetrator's spouse. Plaintiff now brings an action for the tort of sexual battery based on the same incident. The tort of sexual battery, codified at California Civil Code section 1708.5, holds a person liable for

> (1) Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results.
>
> (2) Acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results.
>
> (3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results.

Defendant's fifth amendment rights are implicated by permitting this case to proceed while his criminal conviction is being appealed. The same incident is at the heart of both cases. Defendant is appealing his conviction, and therefore it is possible that statements he makes in this civil proceeding could be used against him in a retrial of the criminal charges. However, the possibility of a retrial appears remote. Although defendant is not specific about the grounds of his appeal, he implies that he is challenging his criminal conviction for insufficient evidence. *See* Def. Motion at 4 ("Because of the lack of any evidence supporting the conviction, THOMAS POLLACCI is appealing the conviction."). If he wins on that ground, retrial on the same charges is unlikely. *See McDaniel v. Brown*, 130 S. Ct. 665, 672 (2010) (per curiam) ("Because reversal for insufficiency of the evidence is equivalent to a judgment of acquittal, such a reversal bars a retrial."). Nor does defendant state that he is making any argument on appeal that would entitle him to a new trial if he won.

In any event, there may be remedies short of an indefinite stay that could serve to protect

4

1 defendant even if he is retried. *See O. Thronas,* 2010 WL 931924, at * 3. Defendant makes a broad
2 assertion that he cannot be deposed, and he cannot produce any testimony or other evidence such as a
3 sworn declaration, and even that he is completely unable to defend himself, until all criminal
4 proceedings have concluded. But he does not point to any pending discovery requests to which he is
5 unable or unwilling to respond, and he does not explain why asserting the privilege on a question by
6 question basis or requesting protective orders will be insufficient to protect his rights. [2]

7 The primary focus of the motion to stay appears to be the possible prejudice to the *other*
8 defendants in this civil action. The Court does consider the impact on all of the parties of granting or
9 denying a stay request. However, these other defendants are not attempting to exercise a constitutional
10 privilege, and so this consideration is secondary and must be balanced against the rights on plaintiff to
11 completion of her civil proceedings. Nearly three years have passed since the incident in question, and
12 defendants seek a virtually indefinite stay that they estimate will last until 2012. Plaintiff argues that
13 she would be prejudiced by delay because of the risk that witnesses will be less able to recall specific
14 facts, and evidence may be lost. She has already faced difficulty locating certain witnesses. Oppo. at
15 7–8. This case was filed nearly a year ago. The parties and the Court scheduled trial and discovery
16 deadlines on July 7, 2010, almost three months *after* defendant was convicted in state court, and the
17 Court has scheduled deadlines in other cases around these deadlines for the past eight months. It would
18 be an inconvenience to the Court—and a disservice to the public—to delay the civil proceedings
19 indefinitely.

20 The Court finds that it would be inappropriate and unjust to force a stay on these civil
21 proceedings until Thomas Pollacci's criminal case involving plaintiff is finally resolved after all appeals.

---

[2] Although defendant did not testify at trial, he did provide statements during the investigation of the incident. *See* Def. Motion at 6. Defendant does not argue that permitting this case to proceed would require him to elaborate beyond the statements that he has already made.

Additionally, any prejudice defendant would face here is minimized at least somewhat by the fact that he has already gone to trial on the criminal charge. Defendant saw or heard all of the evidence presented at trial, including plaintiff's testimony. He is much better able to assess the strengths and weaknesses of the government's criminal case as well as the strengths and weaknesses of plaintiff's civil case, and therefore is better able to assess the advantages and disadvantages of declining to answer questions during the civil proceedings (which, notably, involve a tort that encompasses significantly more conduct than the criminal charge).

5

### B. The pendency of the other criminal proceedings

Defendant also argues that the civil proceedings should be stayed even longer—until the resolution of three criminal charges for which he has not yet been tried.

Defendant's fifth amendment rights are less implicated by permitting this case to proceed before those charges are resolved. The charged conduct does not involve the April 20 incident that is at the heart of this civil case, and for two of the counts, the charged conduct postdates the incident alleged by plaintiff. Defendant again fails to explain why it would be insufficient to assert his privilege on a question by question basis or to request protective orders. O. Thronas, 2010 WL 931924, at * 3.

Evidence relating to the untried forcible rape charges—or at least evidence relating to the one count that predates the incident involving plaintiff—is most likely to be relevant, if at all, to plaintiff's claims against the other defendants. Even if trial on all three counts occurs in April—and of this there is no guarantee—by defendant's own estimates, any appeal might not be decided until 2013. It would be prejudicial to plaintiff, an inconvenience to the Court, and a disservice to the public, to delay the civil proceedings that long.

## III. Relief short of indefinite postponement

Although the Court is unwilling to stay this case until some unknown date, as requested, the Court is willing to consider providing some relief from the case management schedule to allow defendant to supplement his disclosures, and either provide or supplement answers to discovery requests, after the conclusion of the April trial.

At the July 7, 2010 case management conference, the parties and the Court set deadlines for, among other things, non-expert discovery and the filing of dispositive motions. Both of those deadlines are scheduled to occur before defendant's trial on the other three counts of rape.

The Court instructs the parties to meet and confer regarding the case management schedule, either in person or by telephone. If possible, the parties are to stipulate to a new cutoff for non-expert discovery and a new deadline for the filing of dispositive motions. Those deadlines are to be specific, and made under the assumption that defendant's criminal trial will in fact commence in April. The parties may also stipulate to other new deadlines if they feel that they are necessary. If the parties are

unable to stipulate to new deadlines, then the parties may each propose new, specific deadlines in a jointly filed letter to the Court, **no later than March 1, 2011.**

The Court will also consider specific requests for protective orders or other forms of relief that will permit the case to proceed in an orderly manner. Additionally, defendant Thomas Pollacci is instructed to inform the Court if the April trial date is changed, and the reasons for any postponement.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion. (Doc. 45). The parties are INSTRUCTED to meet and confer regarding the case management schedule. The parties shall stipulate to new, specific case management deadlines if possible; or they may propose new, specific deadlines in a jointly filed letter to the Court, **no later than March 1, 2011**. Defendant Thomas Pollacci is instructed to inform the Court if the April trial date is changed, and the reasons for any postponement.

**IT IS SO ORDERED.**

Dated: February 8, 2011

SUSAN ILLSTON
United States District Judge