IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE TAYLOR,<br><br>        Plaintiff,<br>   v.<br><br>RON'S LIQUORS, INC., THOMAS POLLACCI, RONALD POLLACCI, DAVID POLLACCI, and JEAN POLLACCI,<br><br>        Defendants.<br>_____ / | No. C 10-00694 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

The parties have filed cross-motions for summary judgment. A hearing is currently scheduled on the motions for October 7, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

**BACKGROUND**

Plaintiff Debbie Taylor filed this action on February 18, 2010 against defendants Ron's Liquors, Inc., Thomas Pollacci, Ronald Pollacci, David Pollacci, and Jean Pollacci. Plaintiff alleges that on April 20, 2008, she was a patron at Ron's Liquors when defendant Thomas Pollacci, an employee of Ron's Liquors, invited plaintiff to an upstairs area of the store to sample wine. Compl. (First Amended) ¶ 22. While upstairs, Thomas Pollacci allegedly "battered and abused" plaintiff by engaging in "forcible sexual intercourse and other forms of sexual battery, and physically striking and inflicting blunt force trauma on the person of [plaintiff], resulting in physical injuries which included . . . a broken clavicle, broken ribs, a ruptured ear drum and head trauma." *Id.* ¶ 23. On April 26, 2010, a jury convicted defendant Thomas Pollacci of the rape of plaintiff in violation of Cal. Penal Code § 261(a). As a condition of a plea agreement entered in an unrelated criminal case, defendant Pollacci waived his right

to appeal the rape conviction.[1] Pl.'s Reply, Ex. 5.

In her amended complaint, plaintiff alleged six causes of actions. The first three - negligence, negligent hiring and retention, and negligent supervision - were brought against all defendants. The latter three - intentional infliction of emotional distress ("IIED"), sexual battery, and assault and battery[2] - were alleged only against Thomas Pollacci and Ron's Liquor's. After considering defendants' motion to dismiss, on October 13, 2010, the Court dismissed the claims for negligent hiring and negligent supervision against the individual defendants. (Doc. 39). Surviving the dismissal were the claims for negligence against all defendants, all six claims against Ron's Liquors, and the claims of IIED, battery, and sexual battery against defendant Thomas Pollacci.

The parties have moved for summary judgment on various claims. Plaintiff seeks summary judgment for liability on the claims of battery and sexual battery alleged against Thomas Pollacci. Defendants seek summary judgment on (1) the claims of IIED, battery, and sexual battery alleged against defendant Ron's Liquors, and (2) the negligence claim against all three individual defendants.

**LEGAL STANDARD**

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id*. at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out

---

[1] The complaint in the unrelated criminal case was filed on June 2, 2010, and alleges forcible rape in violation of California Penal Code Sec. 261(a)(2). In his plea agreement, defendant pleads no contest. Def.'s Opposition, at 3.

[2] Plaintiff states in her motion that the sixth cause of action - titled "Assault and Battery", "effectively asserts a cause of action for Battery." Pl.'s Mot., at 10. The Court will therefore treat the cause of action as a claim for battery.

'specific facts showing a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id*. However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. Rule 56(c)(2).

**DISCUSSION**

**1. Defendants' motion for summary judgment on the claims of IIED, battery, and sexual battery alleged against Ron's Liquors**

Defendants move for summary judgment on the three intentional tort claims alleged against Ron's Liquors. Plaintiff does not oppose this part of the motion. Accordingly, it is GRANTED.

**2. Defendants' motion for summary judgment on the claim of negligence as against David Pollacci and Jean Pollacci**

Defendants move for summary judgment on the claim of negligence alleged against David Pollacci and Jean Pollacci. Plaintiff does not oppose this part of the motion. Accordingly, it is GRANTED.[3]

---

[3] This leaves no claims against David Pollacci and Jean Pollacci.

3

**3.     Plaintiff's motion for summary judgment on the claims of sexual battery and battery alleged against Thomas Pollacci**

Plaintiff moves for summary judgment of liability on the claims of sexual battery and battery alleged against defendant Thomas Pollacci, on the theory that those claims have been conclusively established by Thomas' criminal conviction for the rape of plaintiff. Pl.'s Mot. at 12. Plaintiff notes that Thomas' answer raises the affirmative defense of consent. Answer at 10. Because Thomas' rape of plaintiff has been conclusively established at a criminal trial, plaintiff argues, Thomas is collaterally estopped from relitigating the issue of plaintiff's consent. Pl.'s Mot. at 8. In opposition, Thomas presents two arguments. First, he contends that the elements of battery and sexual battery are not established by the rape conviction. Def.'s Opp. at 3. Second, he contends that despite having waived his right to appeal the rape conviction in a plea bargain in his unrelated criminal case, the judgment will only be "final" when the sentencing judge accepts the plea, which has not yet occurred. *Id.* Since collateral estoppel requires a final judgment, Thomas argues, granting plaintiff's motion would be premature at this time. *Id.* These arguments will be addressed in turn.

**A.     Legal standard for collateral estoppel**

When deciding the preclusive effects of a judgment obtained in a prior state court proceeding, "federal courts apply the collateral estoppel rules of the state from which the judgment arose." *Garrett v. City and County of S.F.*, 818 F.2d 1515, 1520 (9th Cir. 1987). Under California law, the *Zevnick* test states that, "collateral estoppel precludes the relitigation of an issue only if (1) the issue is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated; (3) the issue was necessarily decided; (4) the decision in the prior proceeding is final on the merits; and (5) the party against whom collateral estoppel is asserted was a party to the prior proceeding or in privity with a party to the prior proceeding." *Zevnik v. Superior Court*, 159 Cal. App. 4th 76, 82 (2008).[4] Furthermore, "the principles of collateral estoppel mandate that any issue necessarily decided by a court of competent jurisdiction in a criminal proceeding is conclusively determined as to the parties or their privies if it is involved in

---

[4] The fifth prong is clearly made out here -- Thomas was a party to his own criminal conviction. The other four are the focus of the Court's inquiry.

4

a subsequent civil action." *Miller v. Superior Court of Los Angeles County*, 168 Cal. App. 3d 376, at 381 (1985).

### B.     The elements of sexual battery and battery

The initial question before the Court is whether the first three prongs of the *Zevnick* test have been met; that is, whether the elements of battery and sexual battery are issues that were identical to issues actually litigated and necessarily decided during Thomas' rape trial. *Zevnik*, 159 Cal. App. 4th at 82. Plaintiff relies on *Miller v. Los Angeles* to assert that the rape conviction establishes the elements of the civil claims. 168 Cal. App. 3d 376 (1985). There, petitioner sued a police officer and the city of Los Angeles after the officer was convicted of forcibly raping petitioner. *Id.* The petitioner moved for summary judgment on her civil claims on the ground that defendant City was collaterally estopped from relitigating the issue of rape. *Id.* at 380. Her motion was denied, but the appellate court reversed. The Second District Court of Appeal stated that, "[t]he issue the City herein wishes to relitigate is two-fold -- whether the act of intercourse took place and, if so, whether it was with the consent of petitioner. Those identical issues were necessarily decided by the jury in finding Schroyer guilty of forcible rape." Therefore, the court stated, there was no question Schroyer himself was estopped from relitigating the issue. *Id.* at 381.[5]

The *Miller* holding is directly applicable here. A jury convicted Thomas of raping plaintiff. Pl.'s Mot. Ex. C (Jury Verdict). At trial, the prosecution offered three theories of rape: (1) forcible rape; (2) rape of an unconscious person; or (3) rape of a person incapable of giving consent because of a mental or physical disability. Pl.'s Mot. Ex. F (Transc. of Proceedings of Trial). The jury found that Thomas had not forcibly raped plaintiff. *Id.* He was, however, convicted of non-forcible rape, in violation of either Section 261(a)(4) (rape of an unconscious person) or Section 261(a)(1) (rape of a person incapable of giving consent because of a mental or physical disability.) In convicting Thomas, the jury found beyond a reasonable doubt that, acting with the general intent to commit sexual intercourse, he committed an act of sexual intercourse with a person who lacked the capacity to consent

---

[5] The central issue thereafter was whether the City was in privity with defendant, an issue irrelevant to the instant case. *Id.*

5

either because of a mental disorder or disability (§ 261(a)(1)), or unconsciousness (§ 261(a)4)), and that fact was known to the defendant. Cal. Penal Code § 261(a)(1) and (4); *see also People v. Linwood*, 105 Cal. App. 4th, 71 (2003).

The elements of sexual battery are fulfilled by either theory. California Civil Code § 1708.5(1) provides that a person commits a sexual battery when he or she "(1) acts with intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results, [or] (2) acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results." Thomas' rape conviction -- whether under § 261(a)(1) or (a)(4) -- clearly satisfies these elements. The general intent to commit the act, the act, and the resulting contact were all required elements of Thomas' conviction. § 261(a). Section 1708.5 has also been construed as requiring that the victim of a sexual battery did not consent to the contact. *See Angie M. v. Superior Ct.*, 37 Cal. App. 4th 1217, 1225 (1995). Under either theory of conviction, plaintiff lacked even the capacity to consent. § 261(a)(1) and (4). Therefore, the first three prongs of the *Zevnick* test -- that the issue is identical to an issue decided in a prior proceeding; the issue was actually litigated; and the issue was necessarily decided -- have been met.

The elements of battery are also fulfilled by either theory. A person commits battery under California law when he or she "(1) intentionally did an act which resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to the plaintiff." *Piedra v. Dugan*, 123 Cal. App. 4th 1483, 1495 (2004). Thomas' rape conviction satisfies these elements. The intent to act, the resulting contact, the lack of consent, and a resulting harm (sexually offensive contact) were elements of his conviction. § 261(a); *see also Delia S. v. Torres*, 134 Cal. App. 3d 471, 480 (Ct. App. 1982) ("[A]n act which meets the criminal definition of rape constitutes a civil wrong because it is an illegal and highly offensive touching – i.e., a battery.") As with sexual battery, the first three prongs of the *Zevnick* test have been met.

Defendant argues summary judgment is inappropriate because there remain triable issues of (1) whether defendant's conduct caused the plaintiff's injuries and damages; and (2) the nature and extent

6

of plaintiff's injuries and damages. Def.'s Opp. at 7. In particular, defendant states that at the criminal trial, evidence was received indicating that plaintiff suffered a head injury and a fractured clavicle on the night of the incident. *Id.* Defendant argues that "there was no evidence presented suggesting that the plaintiff's injuries were caused by the conduct of defendant." *Id.*

With respect to sexual battery, causation and the nature and extent of injuries and damages suffered by the victim are not elements essential to the establishment of liability under § 1708.5. Causation and damages may affect the damages award, and may require factfinding if and when damages are calculated, but they are not essential to the question of liability.[6] The same is true with respect to plaintiff's battery claim. While battery does require a showing that the harmful or offensive contact caused injury, damage, loss or harm to the plaintiff, that showing was conclusively established by the rape conviction. The Court concludes that a rape conviction under § 261(a) establishes the *per se* harm of unconsented sexual contact. Plaintiff need not show the nature or extent of her injuries to establish that Thomas' rape conviction satisfied the elements of battery.

### C. The finality of the judgment

The fourth prong of the *Zevnick* test requires that the decision in the prior proceeding be final on the merits. 159 Cal. App. 4th at 82. The issue here is whether Thomas' recent waiver of his right to appeal the rape conviction involving plaintiff, waived in a plea bargain in an unrelated criminal case, constitutes a final judgment. Typically, a criminal conviction is a final adjudication on the merits once the judgment has been affirmed on appeal. *See Miller*, 168 Cal. App. 3d at 382. Initially, Thomas filed an appeal of the rape conviction involving plaintiff, an appeal that is still pending. Def.'s Opp. Ex. D. However, in an attempt to avoid a life sentence in an unrelated criminal case, Thomas later waived his right of appeal in both the case involving plaintiff and the unrelated case. Def.'s Opp. at 3.

Thomas argues that a finding of finality would be premature because his appeal will remain

---

[6] The Court treats plaintiff's motion for summary judgment as seeking adjudication of defendant Thomas' liability, not damages. "Under F.R.Civ.P. 56(g), a summary judgment/adjudication motion, interlocutory in character, may be rendered on the issue of liability alone . . . A court may grant summary adjudication as to specific issues if it will narrow the issues for trial." *Doctors Med. Ctr. of Modesto, Inc. v. Principal Life Ins. Co.*, 2011 WL 1438156 (E.D. Cal. Jan. 14, 2011) (*citing* Robi v. Five Platters, Inc., 918 F.2d 1439 (9th Cir.1990)).

7

pending until he is sentenced in the unrelated criminal matter. Def.'s Opp. Ex. D. (Let'r from Greenberg to Streza, Sept. 20, 2011). The sentencing date in that matter is scheduled for November 15, 2011. Plaintiff argues the rape conviction is already final because the plea agreement waiving appeal has been signed by Thomas, the prosecutor, and the judge in that case. Pl.'s Reply at 5.

The Court agrees with Thomas. The judgment will not be final until the sentencing court accepts the plea. However, because every other prong required for collateral estoppel as required by *Zevnick* has been established, and because Thomas' sentencing (and therefore waiver) is imminent, the Court holds that conditional summary judgment on the grounds of collaterally estoppel is appropriate here. The Court therefore GRANTS summary judgment of liability in favor of plaintiff as to claims of battery and sexual battery against defendant Thomas Pollacci, on the condition that the sentencing judge in Case No. SS101441A accepts Thomas' plea and the accompanying waiver of right to appeal Case No. SS090810A.[7]

### 4. Defendants' motion for summary judgment on the first cause of action against defendant Ronald Pollacci

Defendants move for summary judgment on the claim of negligence brought against defendant Ronald Pollacci ("Ronald"), father of Thomas Pollacci.

Ronald owned 98% of the shares of Ron's Liquors, a close corporation. (R. Depo. 11:5-13.) He was President of Ron's Liquors for 43 years, including at the time of the rape. (R. Depo. 9:20.) At the store where Thomas worked and the rape occurred (Ron's Liquors in Pacific Grove), Thomas did not have a manager because Ronald was "the guy in charge" and was the "owner/manager/check writer." (R. Depo. 51:25-52:12). Ronald oversaw the day-to-day operations of the store. (R. Depo. 52:22-24). Prior to the April 2008 rape, Ronald was present at the Ron's Liquors in Pacific Grove "most every weekend." (R. Depo. 75:25-73:22).

Defendants contend that even assuming, *arguendo*, Ronald directly supervised Thomas' work at the liquor store, there is no legal theory under which Ronald can be held personally liable for

---

[7] This matter is currently scheduled for jury trial on January 23, 2012. In the event that the sentencing judge in Case No. SS101441A has not acted by that time, or has rejected Thomas' waiver of appeal, the parties shall so inform this Court and appropriate adjustments will be made.

8

negligence as a result of Thomas' acts. Def.'s Mot. at 5-6. According to defendants, as a matter of law, individuals who hire, supervise, or work with a perpetrator of an attack cannot be held personally liable for injury to a third-party victim. *Id.*

The question of duty is one for the Court:

> The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion. Whether this essential prerequisite to a negligence cause of action has been satisfied in a particular case is a question of law to be resolved by the court . . . [A] court's task -- in determining "duty" -- is not to decide whether a particular plaintiff's injury was reasonably foreseeable in light of a particular defendant's conduct, but rather to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party.

*Burns v. Neiman Marcus Group, Inc.* 173 Cal. App. 4th 479, 487-88 (2009) (internal quotation marks and citations omitted.)

Defendants rely primarily on *Marie de Villers v. County of San Diego*, 156 Cal. App. 4th 238 (2008). In *de Villers*, an employee of a county medical examiner's office, Kristin Rossum, stole drugs from her employer's facility and used them to murder her husband. *Id.* at 245. The husband's estate brought suit against the county, alleging that Rossum's co-workers and supervisors acted negligently by failing to discover her prior drug history or juvenile criminal record; failing to prevent or uncover theft of drugs from the facility; and failing to discover her affair with a supervisor. Because the county's employees were negligent, plaintiffs argued, the county could be held vicariously liable. The trial court agreed, and a jury rendered a verdict against the county. However, the Fourth District Court of Appeal reversed. The court found that no person could owe a duty to anticipate and protect against the criminal conduct of a third party unless that person "occup[ies] a special protective relationship to the victim (or the class to which the victim belonged), and [has] *actual* knowledge of the perpetrator's propensity to engage in criminal conduct." *Id.* at 261 (emphasis in original). Because Rossum's co-workers had no special relationship with her murdered husband, nor had any knowledge of her past drug abuse, they could not be held directly liable for negligence. *Id.*

Defendants argue that the same logic applies here. Ronald had never met plaintiff; he did not know she was ever in the store; and he was not aware of any "sexual misconduct or any offensive conduct whatsoever by Thomas in the store, directed against any customer, any co-employee or any

9

member of the public." Decl. of R. Pollacci, at 2. As a result, the general rule that citizens do not have a duty to prevent criminal attacks by third parties applies to him. Def.'s Reply at 3 (*citing de Villers*, 156 Cal. App. 4th 238).

The Court disagrees. As an initial matter, after reviewing the evidence in a light most favorable to plaintiff, the Court concludes that a jury could reasonably find that Ronald had actual knowledge of his son Thomas' "assaultive propensities." *See de Villers*, 156 Cal. App. 4th at 249. Ronald was aware that Thomas had been convicted of the crime of sexual battery in 1992. (Ronald Pollacci Depo., 53:4-15, attached as Ex. A to Pl.'s Opp. ("R. Depo.")). One year after Thomas was convicted of sexual battery, Ronald, who was aware of the recent conviction, hired Thomas to work at Ron's Liquors. (R. Depo. 53:4-54:20.) Prior to the April 2008 rape, Ronald was aware that Thomas was required to register as a sex offender. (R. Depo. 55:9-21.) Under these circumstances, a reasonable jury could find that Ronald had actual knowledge of the perpetrator's propensity to engage in criminal conduct. 156 Cal. App. 4th at 249.

The Court also concludes that Ronald occupied a "special protective relationship" with the plaintiff and the class to which she belonged.[8] *De Villers*, 156 Cal. App. 4th at 249. California law recognizes "that the owner of a place of business open to the public has a duty to exercise reasonable care to protect business invitees against danger from the conduct of third persons on the premises." *Morris v. Thogmartin*, 29 Cal. App. 3d 922, 925-26 (1973). Furthermore, directors of a corporation -- a position Ronald held -- can be held liable in their personal capacity if a plaintiff can show that "although [the directors] specifically knew or reasonably should have known that some hazardous condition or activity under their control could injure plaintiff, they negligent failed to take or order appropriate action to avoid the harm." *Frances T. v. Green Owners Ass'n*, 42 Cal. 3d 490, 503 (1986) (holding that directors of an owner's association could be found liable for the rape and robbery of a tenant after failing to replace external lighting fixtures.)

Ronald was not simply a majority shareholder in Ron's Liquors, a close corporation. (R. Depo.

---

[8] The determination of the existence of a special relationship is a question of law for the Court to decide. *See A.T. Kearney, Inc. v. Int'l Bus. Machines Corp.*, 867 F. Supp. 943, 946 (D. Or. 1994) aff'd, 73 F.3d 238 (9th Cir. 1995).

10

1 11:5-13.) He also occupied the office of President for 43 years, including at the time of the rape. (R.
2 Depo. 9:20.) He owned 98% of the shares. (R. Depo. 11:5-13.) At the store in question (Ron's Liquors
3 in Pacific Grove), Thomas did not have a manager because Ronald was "the guy in charge" and was the
4 "owner/manager/check writer." (R. Depo. 51:25-52:12). Ronald oversaw the day-to-day operations
5 of the store. (R. Depo. 52:22-24). Prior to the April 2008 rape, Ronald was present at the Ron's Liquors
6 in Pacific Grove "most every weekend." (R. Depo. 75:25-73:22).

7 The Court finds that Ronald held a duty of care to protect invitees to his business from assault
8 from third parties in manners that were reasonably foreseeable. The "category of negligent conduct at
9 issue" -- hiring, supervising, and managing Thomas -- was "sufficiently likely to result in the kind of
10 harm experienced" -- sexual battery -- such that "liability may appropriately be imposed on the negligent
11 party. *Burns*, 173 Cal. App. 4th at 487-88. This of course does not resolve the matter. The questions
12 of whether Ronald acted reasonably under the circumstances, whether he breached his duty of care to
13 plaintiff, whether the actions of third party Thomas were reasonably foreseeable, and whether Ronald
14 was an actual and proximate cause of plaintiff's injuries are questions for the jury. *Frances T.*, 42 Cal.
15 3d at 511. ("Of course, the directors may have acted quite reasonably under the circumstances - or the
16 causal link between the lighting and plaintiff's injuries may be too remote - but those are questions for
17 the trier of fact.") As a matter of summary judgment, however, there remain genuine questions of
18 material fact properly decided by a jury. Defendant's motion for summary judgment on the claim of
19 negligence against Ronald Pollacci is DENIED.

20
21                                              CONCLUSION
22 For the foregoing reasons, the Court conditionally GRANTS plaintiff's motion for summary
23 judgment of liability on the claims of battery and sexual battery alleged against Thomas Pollacci on the
24 condition that the sentencing judge in Case No. SS101441A accepts Thomas' plea and the
25 accompanying waiver of right to appeal Case No. SS090810A; GRANTS defendants' motion for
26 summary judgment on the claims of negligence alleged against Jean Pollacci and David Pollacci;
27 GRANTS defendants' motion for summary judgment on the claims of intentional infliction of emotional
28 distress, battery, and sexual battery alleged against Ron's Liquors; and DENIES defendants' motion for

11

summary judgment on the claim of negligence alleged against Ronald Pollacci.

**IT IS SO ORDERED.**

Dated: October 6, 2011

SUSAN ILLSTON
United States District Judge